

# IN THE
## TENTH COURT OF APPEALS

### No. 10-08-00218-CR

**LADAMION LAMOND MAJORS,**

                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                              **Appellee**

---

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2007-1671-C2

---

## MEMORANDUM OPINION

---

A jury found Appellant Ladamion Majors guilty of the enhanced felony offenses of burglary of a habitation with intent to commit kidnapping and aggravated assault. The jury assessed sentences of forty and fifty years' imprisonment, respectively, and the trial court ordered the sentences to run concurrently. Majors raises one issue on appeal. We will affirm.

The evidence shows that the victim, Lakeisha Price, and Majors, her then-boyfriend, went to a friend's apartment. Arguments ensued, and Majors was asked to

leave.  Price and Majors left, but Price returned to the apartment and the door was locked.  Majors, who had a gun, soon returned and ordered Price to come out or he would come in and get her.  Majors broke through the dining room window, grabbed Price, and pulled her outside.  As they struggled, the gun discharged, and Price then willingly went with Majors out of fear.  He took her to some nearby woods where he put the gun to her head and repeatedly threatened to kill her, but the gun failed to fire.  He struck her at least twice with the butt of the gun.

Price was able to calm down Majors by telling him she would make up a lie about what happened, so they returned to the apartment, hiding the gun along the way in a nearby backyard.  Soon after they arrived at the apartment, so did the police, who arrested Majors.  Price appeared upset, shaken, and scared, and she had a cut on her chin and injuries to her chest, feet, and ear.  After Majors was taken away, Price showed police where the gun was hidden.  Seven months later, Price signed a statement indicating that Majors did not have a gun that evening and that she knew of the gun's location from someone else, but at trial she recanted that written statement.

Majors's sole issue is that the trial court erred by allowing the prosecutor to "testify" (or state what the evidence at trial would be) and to ask improper commitment questions during voir dire.  We review a trial court's rulings during voir dire for abuse of discretion.  *Barajas v. State,* 93 S.W.3d 36, 38 (Tex. Crim. App. 2002).  The State responds that Majors failed to preserve his complaints for appellate review.

> To preserve error for appellate review, the complaining party must make a timely, specific objection.  The objection must be made at the earliest possible opportunity.  The complaining party must obtain an adverse

ruling from the trial court. Finally, the point of error on appeal must correspond to the objection made at trial.

*Turner v. State,* 805 S.W.2d 423, 431 (Tex. Crim. App. 1991) (citations omitted); *see also* TEX. R. APP. P. 33.1(a).

To preserve a complaint for appellate review, the objecting party must continue to object each time the objectionable question or evidence is offered, or either obtain a running objection or request a hearing outside the jury's presence. *See Martinez v. State,* 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); *Holmes v. State,* 135 S.W.3d 178, 195-96 (Tex. App.—Waco 2004, no pet.) (citing *Fuentes v. State,* 991 S.W.2d 267, 273 (Tex. Crim. App. 1999), and *Desselles v. State,* 934 S.W.2d 874, 876-77 (Tex. App.—Waco 1996, no pet.)). When, in response to an objection, the prosecutor rephrases her question and no objection is made to the rephrased question, there is no adverse ruling to complain about on appeal. *See Badall v. State,* 216 S.W.3d 865, 872 (Tex. App.—Beaumont 2007, pet. ref'd); *Reed v. State,* 762 S.W.2d 640, 646 (Tex. App.—Texarkana 1988, pet. ref'd).

Majors complains about numerous questions and statements from the prosecutor dealing primarily with a domestic-assault or family-violence victim who did not want to cooperate with police or recanted or requested leniency. All but three of these questions or statements were not objected to, and as to those to which no objection was made, no complaint has been preserved for appellate review. We now address the objections.

The prosecutor told the jury panel that this was a family-violence case, that they would be hearing evidence that there was a relationship between the victim and the

defendant, and that "about 75 or more percent of the cases that we have that involve family members, even if there are weapons…". Majors's trial counsel interrupted with an objection that the prosecutor was giving testimony to the jurors to have them commit. The trial court instructed the prosecutor to ask the question again. The prosecutor moved on and rephrased her question, asking if the jury would be able to convict even if the victim later said that the offense did not happen. No objection was made to that question, and any complaint was thus not preserved.

Majors's trial counsel objected to two questions as commitment questions whether (1) the jury could convict if the assault victim did not want the police called and (2) if the victim later said the assault did not happen and that she loved the accused and did not want him to be in trouble. The second question was also objected to as being close to the facts of the case. The trial court overruled the objections. The prosecutor then repeatedly asked the same or similar questions to the jury panel without objection. Because these subsequent questions were not objected to and no running objection was obtained, the complaints are not preserved for appellate review.

We overrule Majors's sole issue and affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed July 21, 2010
Do not publish
[CRPM]